### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 19-mj-83-DAR |
| | : | |
| FURONG AI | : | |
| | : | |
| **Defendant** | : | |

### DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE TO LIMIT TESTIMONY AND EVIDENCE

COMES NOW, the Defendant, by and through his attorneys, Michael E. Lawlor, and Nicholas G. Madiou, Brennan, McKenna & Lawlor, Chartered, and hereby respectfully files this opposition to the Government's Motion in Limine to Limit Testimony and Evidence. In support of this opposition, counsel state the following:

### Introduction

The United States of America charged Mr. Ai under 18 U.S.C. § 112(b)(1) and (2) for activities that took place on February 20, 2019, and April 3, 2019. The Government brought these charges based on Mr. Ai's conduct during peaceful protest activity that occurred on both days.

This matter is scheduled for trial to begin on December 17, 2019.

In its motion in limine, the Government asks this Honorable Court to:

> to limit the scope of evidence and testimony regarding (1) the specific grievances giving rise to the defendant's motivation and reason for seeking asylum and engaging in protest activities against representatives of the People's Republic of China ("PRC"), and (2) the specific details of what the defendant hoped to convey to the foreign officials if his actions were successful.

ECF Doc. No. 13, at 1. In so asking the Court, the Government seeks to curtail Mr. Ai's rights under the Sixth Amendment – including his right to present a defense, right to testify in his defense, and his right to a fair trial.

The evidence the Government seeks to limit in its motion in limine is relevant, and essential to Mr. Ai's ability to mount a defense in this case. The Government's request to limit such evidence is not supported by the statutes charged, the Federal Rules of Evidence, or a single authoritative case. For the reasons stated in this opposition, and those that shall be presented at a hearing on this matter, Mr. Ai respectfully asks this Court to deny the Government's motion in limine.

## Discussion

The evidence the Government seeks to limit in its motion in limine is relevant to Mr. Ai's defense. In this case, the United States charged Mr. Ai with violating 18 U.S.C. § 112(b), while he attempted to exercise his First Amendment rights on two incidents. Specifically, on October 31, 2019, the Government filed an Information

charging the defendant with one count of attempting to and actually obstructing a foreign official in violation of 18 U.S.C. § 112(b)(1) and (2), as result of the February 20, 2019 incident, and one count of attempting to obstruct a foreign official in violation of 18 U.S.C. § 112(b)(2), as a result of the April 3, 2019 incident.

On February 20, 2019, a delegation of the People's Republic of China, were residing at the Willard Hotel in Washington, D.C. That morning, members of the Chinese delegation were located inside a shuttle van. Around that time, law enforcement contacted Mr. Ai, "who was standing in front of one of [the] shuttle vans as it began to depart from the curb adjacent to the hotel's F Street entrance." ECF No. 1-1, at 3. Law enforcement officers physically removed Mr. Ai from the front of the van.

On April 3, 2019, Mr. Ai was intercepted by law enforcement as he "ran toward" a moving limousine transporting members of the Chinese delegation. ECF No. 1-1, at 5. "Ai was holding a white paper with what appeared to contain Chinese writing in his hands as he approached the DSS limousine" and came within five feet of the automobile. ECF No. 1-1, at 5.

In this case, the Government must prove under 18 U.S.C. § 112(b) that Ms. Ai **willfully** attempted to obstruct a foreign official in the performance of his or her official duties. Mr. Ai's purpose for approaching the Chinese Delegation goes to the heart of this case.

On both occasions, Mr. Ai attempted to voice his grievances toward the People's Republic of China. Mr. Ai did not seek to obstruct the performance of any official duties. Rather, Mr. Ai sought only to petition Chinese government officials about government conduct that occurred in China.

To that end, *what* Mr. Ai was protesting is relevant to his defense. Namely, Mr. Ai was not intending to obstruct a foreign official in his or her official capacity. He ought to be able to explain to the jury what he was doing in the area on the days in question and why he was doing it. What he hoped to accomplish and whether he intended to obstruct any foreign official.

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. What Mr. Ai's intention and motivation was on the days in question is relevant to demonstrate the earnestness and honesty of that intention. If he had an honest and reasonable complaint against the Chinese government, it is more probable that he approached the delegation to protest, rather than to obstruct. If he had no such complaint, it would be more probable he was acting with the intention of obstructing.

The cases cited by the government add little to this debate. *Butler v. United States*, 614 A.2d 875 (1992), fails to advance the debate here. For while a political reason for assault may well be, and is likely, totally irrelevant, the political reason

behind a <u>political protest</u> is very relevant. In this case, what Mr. Ai was doing on the days in question is relevant. Were the justification for an assault one of self-defense, then perhaps the rationale behind it may be relevant. Otherwise, we agree with the government, it is not.

*United States v. Rosado*, 728 F.2d 89, 91 (2nd Cir. 1984), is also inapplicable here. There, in response to a charge of trespassing, the defendants mounted what "some have called a "political" defense ... and invited jury nullification by questioning the Government's motives in subpoenaing appellants and prosecuting them for contempt." The same cannot be said in this case.

"The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). The Supreme Court has elaborated on this essential right:

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

*Washington v. Texas*, 388 U.S. 14, 19 (1967).

Implicit in the Government's request, is an effort to curtail Mr. Ai's ability to mount a defense in this case. The Government frames the crimes charged as strict

liability offenses – wherein his intent and motivation bear no relevancy to the facts at issue. Nothing could be further from the truth.

Mr. Ai's intent is relevant to the jury's determination of whether or not he attempted to obstruct a foreign official in his or her official capacity. What Mr. Ai was attempting to accomplish during these instances, and his intention behind taking certain action is relevant, and critical to his defense. Indeed it *is* his defense. The Government's request to prevent Mr. Ai from testifying at trial regarding his lack of intent to obstruct a foreign official violates his right to a fair trial, his right to testify in his own defense and his right to otherwise present a defense.

Here, Mr. Ai sought to peacefully petition for a redress of grievances by approaching the Chinese Delegation with the hope of presenting legitimate grievances. His motivation, and his intent for approaching the Chinese Delegation for that limited purpose is the very basis of his defense. That is, he intended to peacefully exercise his First Amendment rights as opposed to obstruct any foreign official in the performance of an official duty.

For these reasons, the Court should deny the Government's motion.

## Conclusion

For the reasons stated in this pleading, and those that shall be presented at a hearing on this matter, Mr. Ai respectfully asks this Court to deny the Government's motion in limine.


Respectfully submitted,

/s/
_____
Michael E. Lawlor
Nicholas G. Madiou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
301.474.0044
mlawlor@verizon.net
nickmadiou@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 5, 2019, a copy of the foregoing was sent to the United States Attorney's Office, via ECF.

/s/
_____
Michael E. Lawlor